UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Palace Wine and Spirits, Inc.,                              Civil No. 11-402 (DWF/JJK)

         Plaintiff,

v.                                                                              **MEMORANDUM**
                                                          **OPINION AND ORDER**

United States Citizenship and Immigration
Services; Alejandro Mayorkas, Director of
the United States Citizenship and
Immigration Services; Rosemary Langley
Melville, Director of California Service
Center, Untied States Citizenship and
Immigration Services; U.S. Department
of Homeland Security; Janet Napolitano,
Secretary of the Department of Homeland
Security; and Eric J. Holder, United States
Attorney General,

         Defendants.

_____

Rachel M. Engebretson, Esq., Binsfeld & Engebretson, P.A., counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendants.

_____

**INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 19) and Plaintiff's Motion for Summary Judgment (Doc. No. 23). For the reasons set forth below, the Court grants Defendants' motion and denies Plaintiff's motion.

**BACKGROUND**

Palace Wine and Spirits, Inc. ("Plaintiff") is a liquor sales and business acquisition company with seventeen employees and a gross annual income in 2009 of $2.78 million and a net annual income in 2009 of $16,635. (Doc. No. 21, Admin. R. 518.) In April 2010, Plaintiff filed an I-129, Petition for Nonimmigrant Worker, seeking to temporarily employ Ms. Olena Protashchuk as a part-time, entry-level "Operations and Finance Analyst" for a period of three years at an hourly wage of $22.[1] (*Id.* at 442-46, 515-28.) After providing Plaintiff multiple opportunities to supplement the record (*id.* at 118-21, 148-58), on August 5, 2011, United States Citizenship and Immigration Services ("USCIS") recommended denial of the visa application, finding that the position of "Financial and Operations Analyst" did not qualify as a specialty occupation, and certified the case to its Administrative Appeals Office for review (*id.* at 28-36). The Administrative Appeals Office of USCIS issued a final decision denying the petition on November 1, 2011. (*Id.* at 1-14.)

Plaintiff initiated this action seeking a declaration from this Court that USCIS's

---

[1]  Specifically, Plaintiff sought a specialty occupation visa to hire Protashchuk as an "Operations and Finance Analyst," to "research, develop, and interpret information that assists management with policy formulation, and other managerial functions, including evaluation of accounting and operations." (Admin. R. 443.) Plaintiff identified the minimum requirement for the position as "a Bachelor's degree in Management or in Business Administration with an emphasis in Management." (*Id.* at 444). Plaintiff further described the position as requiring the "use [of] analytical techniques, and provid[ing] analysis and information to the President and CFO about business acquisition interests. The Operations and Financial Analyst will oversee and manage projects as assigned by the Chief Financial Manager." (*Id.* at 443.)

decision to deny Plaintiff's I-129 Petition constituted an arbitrary and capricious abuse of discretion. (Compl. at 10.) The parties have now filed cross-motions for summary judgment.

## DISCUSSION

### I.     Summary Judgment Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific

facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II. Summary Judgment Motions

Both motions for summary judgment seek a determination by the Court with respect to Plaintiff's administrative appeal of USCIS's decision to deny Protashchuk an H-1B visa as the beneficiary of Plaintiff's I-129 Petition. Plaintiff asserts that it is entitled to a reversal of the administrative decision because USCIS abused its discretion in rendering its decision to deny the H-1B visa and in finding that the Operations and Finance Analyst position is not a "specialty occupation." Defendants contend that, in light of the great deference owed to its decision, USCIS did not abuse its discretion in finding that Plaintiff failed to demonstrate that the position in question qualifies as a specialty occupation.

### A. Abuse of Discretion Standard

A reviewing court must set aside agency action denying a petition for an H1-B visa when the decision is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency abuses its discretion if its decision is unsupported by substantial evidence or is based upon an improper understanding of the law. *Shanti, Inc. v. Reno*, 36 F. Supp. 2d 1151, 1162 (D. Minn. 1999). An agency abuses its discretion "by making decisions without rational explanation, departing inexplicably from established policies, or discriminating invidiously against a particular race or group." *Rodriguez–Rivera v. INS,* 993 F.2d 169,

170 (8th Cir. 1993).  Thus, a reviewing court must determine whether, based on the record as a whole, the agency's decision "was supported by reasonable, substantial, and probative evidence," and reversal is warranted only if the appealing party "shows that the evidence was so compelling that no reasonable factfinder" could find against it. *Kratchmarov v. Heston*, 172 F.3d 551, 554 (8th Cir. 1999); *see Perinpanathan v. INS*, 310 F.3d 594, 597 (8th Cir. 2002).  "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency."  *Alliance Home Health Care and Nursing Servs. LLC v. Melville*, Civ. No. 11-2447, 2012 WL 950021, at *3 (D. Minn. Mar. 20, 2012) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)).

**B.     No Abuse of Discretion**

The only dispute between the parties for purposes of the motions before the Court is whether or not the position at issue constitutes a "specialty occupation."  No genuine issues of material fact exist with respect to the asserted claims.

An employer may file an H–1B petition for a nonimmigrant to temporarily perform services in a specialty occupation in the United States.  8 U.S.C. §§ 1101, 1184(c).  Pursuant to 8 U.S.C. § 1184(i), a "specialty occupation" requires a "theoretical and practical application of a body of highly specialized knowledge," and "attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States."  8 U.S.C. § 1184(i); *see also* 8 C.F.R.

5

§ 214.2(h)(4)(i)(A)(1).  A position must meet one of the following criteria in order to qualify as a specialty occupation:

> 1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
> 2) The degree requirement is common to the industry in parallel positions among similar organizations, or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
> 3) The employer normally requires a degree or its equivalent for the position; or
> 4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).  The petitioning employer bears the burden of establishing that the alien worker is entitled to the visa by demonstrating that:  (1) the position sought qualifies as a specialty occupation; and (2) the alien worker is qualified to perform services in the occupation.  *Alliance Home Health Care*, 2012 WL 950021, at *4 (citing *Shanti, Inc.,* 36 F. Supp. 2d at 1151).

Here, there is no dispute that Protashchuk is qualified to perform the services of an Operations and Finance Analyst.  Protashchuk's education and experience are not contested.  Rather, the disagreement centers around USCIS's determination that the Operations and Finance Analyst position at issue is not a "specialty occupation."  Having considered the record, the Court finds that USCIS did not abuse its discretion in determining that the Operations and Finance Analyst position is not a specialty occupation.

USCIS found that "the proffered position's duties most closely related to the [Occupational Outlook] Handbook's description of operations research analysts." (Admin. R. 6.) USCIS concluded, however, that the record failed to "establish that any related duties to be performed by the beneficiary would require the practical and theoretical application of a body of highly specialized knowledge attained by at least a bachelor's degree, or the equivalent, in management, or business administration with an emphasis in management as required," and consequently denied the petition.[2] (*Id.*) USCIS noted that the Occupational Outlook Handbook (the "Handbook") "indicates that

---

[2] In concluding that "[t]he requirement of a bachelor's degree in management or business administration with an emphasis in management is inadequate to establish that a position qualifies as a specialty occupation," the USCIS applied the following standard:

> A petitioner must demonstrate that the proffered position requires a precise and specific course of study that relates directly and closely to the position in question. Since there must be a close correlation between the required specialized studies and the position, the requirement of a degree with a generalized title, such as management or business administration with an emphasis in management, without further specification, does not establish the position as a specialty occupation. *See Matter of Michael Hertz Associates*, 19 I&N Dec. 558 (Comm'r 1988). To prove that a job requires the theoretical and practical application of a body of highly specialized knowledge as required by section 214(i)(1) of the Act, a petitioner must establish that the position requires the attainment of a bachelor's or higher degree in a specialized field of study or its equivalent . . . . USCIS interprets the degree requirement at 8 C.F.R. § 214.2(h)(4)(iii)(A) to require a degree in a specific specialty that is directly related to the proposed position. USCIS has consistently stated that, although a general-purpose bachelor's degree, such as a degree in business administration, may be a legitimate prerequisite for a particular position, requiring such a degree, without more, will not justify a finding that a particular position qualifies for classification as a specialty occupation. *See Royal Siam Corp. v. Chertoff*, 484 F.3d 139, 147 (1st Cir. 2007).

(Admin. R. 10-11 n.3).

operations research analysts do not constitute an occupational group that categorically requires a specialty-occupation level of education," and further remarked that "while the Handbook reports that a bachelor's degree is usually the minimum educational requirement for many operations research analyst jobs, a bachelor's degree alone is not sufficient for all positions in the occupational category to be recognized as specialty occupations." (*Id.* at 8.)

Not only did USCIS conclude that Plaintiff failed to demonstrate that the Operations and Finance Analyst position in question "involved the theoretical and practical application of a highly specialized body of knowledge," it also concluded that Plaintiff failed to establish that the position satisfies any of the criteria of 8 C.F.R. § 214.2(h)(4)(iii)(A). (*Id.* at 9.) Considering the Handbook, and other relevant factors, USCIS found that Plaintiff lacked substantive evidence of an industry-wide requirement of at least a bachelor's degree in a specific specialty for similar positions. (*See id.* at 10-11); *see also* 8 C.F.R. § 214.2(h)(4)(iii)(A)(1). USCIS further concluded that "the record is devoid of sufficiently detailed information to distinguish the proffered position as unique from or more complex than similar positions that can be performed by persons without at least a bachelor's degree in a specific specialty or its equivalent." (Admin. R. 11); *see also* 8 C.F.R. § 214.2(h)(4)(iii)(A)(2). Also, noting the absence in the record of Plaintiff's prior hiring history for the position, USCIS determined that Plaintiff had not demonstrated that it normally requires at least a bachelor's degree in a specific specialty for the position so as to satisfy 8 C.F.R. § 214.2(h)(4)(iii)(A)(3). (Admin. R. 12.)

Finally, USCIS cited Plaintiff's failure to present "any evidence to show that the skills utilized in its daily operations are so specialized and complex that the knowledge required to perform the duties of the proffered position is usually associated with the attainment of a baccalaureate or higher degree, or its equivalent, in a specific specialty." (*Id.* at 12); *see also* 8 C.F.R. § 214.2(h)(4)(iii)(A)(4).

The evidence in the record does not compel findings contrary to those made by USCIS. Noting that the Court may not substitute its judgment for that of USCIS, the Court concludes that USCIS's determination that the Operations and Finance Analyst position is not a "specialty occupation" is reasonably supported by the evidence. Considering the record as a whole, USCIS's decision to deny the petition was neither arbitrary nor capricious. Defendants are thus entitled to judgment, and Plaintiff is not entitled to judgment on its claim for declaratory relief. Consequently, Defendants' motion for summary judgment is properly granted, and Plaintiff's motion for summary judgment is therefore denied.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendants' Motion for Summary Judgment (Doc. No. [19]) is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment (Doc. No. [23]) is **DENIED**.

3.     USCIS's decision to deny Ms. Olena Protashchuk an H-1B visa as the beneficiary of Plaintiff's I-129 Petition is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 25, 2012                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge